UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STATE FARM FIRE AND CASUALTY          CIVIL ACTION No. 3:24CV
COMPANY

v.

THE SEWELL GROUP II, LLC, JAMES
LEAL, and BRENT A. WOOD
ARCHITECTURE, LLC                     MARCH 19, 2024

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

## COUNT ONE

### PARTIES

1.      The plaintiff, State Farm Fire and Casualty Company, an Illinois insurance

company with its principal place of business in Illinois, is authorized to engage in the

business of insurance in the State of Connecticut and the State of Alabama.

2.      The defendant, The Sewell Group II, LLC, is an Alabama limited liability

company with its principal place of business in Alabama, and transacts business and/or

does business in the State of Connecticut.

3.      The defendant, James Leal, is an individual who resides at 539 Brush Hill

1

Road in Manchester, Connecticut.

4.     The defendant, Brent A. Wood Architecture, LLC is a Florida limited liability company that transacts and/or does business in Connecticut.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §2201 and 28 U.S.C. §1332, in that there is diversity of citizenship and the matter in dispute, exclusive of interest and costs, has a value in excess of $75,000.

6.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the defendant, James Leal, resides in the District of Connecticut and a substantial part of the events giving rise to the claim occurred in the District of Connecticut.

7.     This insurance coverage dispute is controlled by the laws of the State of Alabama.

**UNDERLYING ACTION**

8.     By way of Complaint dated May 3, 2023, James Leal [hereinafter "Leal"], instituted a civil action in the Superior Court of the State of Connecticut [the "Underlying Action"] against The Sewell Group II, LLC, LRC Group, PMH Associates, Inc., and Brent A. Wood Architecture, LLC, for money damages arising out of Leal's alleged May 6, 2021 fall due to the fourth floor collapsing under him to the third floor at a structure and premises located at 1031 New Britain Avenue, in West Hartford, Connecticut.  See Complaint, Count One, ¶¶1, 8 [attached as Exhibit A] ["Underlying Complaint"].

9.     The Underlying Complaint, filed on May 11, 2023 contains four counts

2

against four parties as follows:

      First Count— Negligence as to The Sewell Group II, LLC

      Second Count—Negligence as LRC Group

      Third Count—Negligence as to PMH Associates, Inc.

      Fourth Count—Negligence as to Brent A. Wood Architecture

      10.     In the Underlying Complaint, Leal alleges that the premises located at 1031 New Britain Avenue, West Hartford, Connecticut, was a four story building that was previously a health club and was in the process of being converted to an indoor storage facility.  Exhibit A, Count One, at ¶ 1.

      11.     In the Underlying Complaint, Leal further alleges that the northwest corner of the structure contained a stairwell that was removed in favor of conversion to four individual storage units–one per floor.  Exhibit A, Count One, at ¶¶ 2-3.

      12.     In the Underlying Complaint, Leal further alleges that, at all relevant times, The Sewell Group II, LLC, "owned, leased and/or was in control of the premises located at 1031 New Britain Avenue, West Hartford, Connecticut, and was [sic] as the structural engineer in steel building construction."  Exhibit A, Count One, at ¶ 4.

      13.     In the Underlying Complaint, Leal further alleges that The Sewell Group, II LLC, was hired to create, design, implement and/or supervise the foundation plan for 1031 New Britain Avenue, in West Hartford, Connecticut. Exhibit A, Count One, at ¶ 5.

      14.     In the Underlying Complaint, Leal further alleges that, on or about May 6, 2021, he was employed by Gargiulo Construction Company, whose responsibility it was to pour the concrete floors of the structure, and, on that date, Leal was in the process of pouring concrete in the unfinished fourth floor storage unit, when suddenly and without

warning, the floor collapsed and he fell through to the third floor below.  Exhibit A, Count One, at ¶¶ 6-8.

15.    In the Underlying Complaint, Leal further alleges that, according to blueprint plans, each floor opening was to have steel angle irons bolted on all fours sides of the 9' x 20' opening of the cinder block wall, that the angle irons were to support sheets of steel decking, and, thereafter, cement was to be poured on the decking to create a floor.  Exhibit A, Count One, at ¶ 9.

16.    In the Underlying Complaint, Leal further alleges that, after the fact, an inspection revealed that the angle irons were bolted in the block, but the weight of the cement was too heavy which caused the bolts to fail.  Exhibit A, Count One, at ¶ 10.

17.    In the Underlying Complaint, Leal further alleges that the anchor bolts of the angle irons were improperly installed, which resulted in the angle irons being pulled out from the cinder block wall when the concrete was poured.  Exhibit A, Count One, at ¶ 12.

18.    In the Underlying Complaint, Leal further alleges that his injuries and losses were caused by the negligence and carelessness of The Sewell Group II, LLC, and/or its agents, servants and/or employees in one or more of the following ways:

a.    in that they knew or in the exercise of reasonable diligence should have known the foundation plan was defective;

b.    in that they failed to make a reasonable and proper inspection of the premises where he fell in order to ascertain whether the foundation plan was proper;

c.    in that they failed to remedy the condition of the improper foundation plan;

4

d.      in that they failed to warn Leal of the presence of the improper foundation plan; and/or

e.      in that they failed to follow the blueprints and/or adhere to industry standards for the installation of the foundation plan.

Exhibit A, Count One, at ¶ 13.

**OFFICE POLICY**

19.    State Farm Fire and Casualty Company issued a Office Policy, Policy No. 93-CF-V500-2, to The Sewell Group II, LLC, with effective dates of April 29, 2021, through April 29, 2022.

20.    The Office Policy identifies The Sewell Group II, LLC as an Alabama entity with an address of 201 Orchard Drive, Eufaula, Alabama.  The Office Policy includes Form CMP-4100 (Businessowners Coverage Form) and Form CMP-4201.2 (Amendatory Endorsement for Alabama), among other endorsement forms.

21.    The policy declarations for the Office Policy reflect policy limits of $1,000,000 per occurrence for business liability coverage (Coverage L) and $5,000 in medical expenses coverage (Coverage M).  The policy declarations for the Commercial Liability Umbrella Policy are $3,000,000 per occurrence and annual aggregate for business liability coverage (Coverage L).

22.    The Businessowners Coverage Form within the Office policy includes the following insuring agreement in Section II - LIABILITY:

**Coverage L—Business Liability**

*1.     When a Limit of Insurance is shown in the Declarations for
Coverage L—Business Liability, we will pay those sums that the insured*

*becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or" personal and advertising injury", to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at anytime. . . .*

2.     *This insurance applies:*

   *a. To "bodily injury" and "property damage" only if:*

   *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

   *(2) The "bodily injury" or "property damage" occurs during the policy period.*

23.     The Businessowners Coverage Form also contains the following

exclusions applicable to Coverage L - Business Liability:

***SECTION II — EXCLUSIONS:***

*Applicable to Coverage L—Business Liability, this insurance does not apply to:*

11.     *Professional Services or Treatment*

   *"Bodily injury". "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service or treatment.  This includes but is not limited to:*

   *     *     *

   b.     *Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, filed orders, change orders or drawings and specifications;*

   c.     *Supervisory, inspection, architectural or engineering activities;*

   *     *     *

6

*This exclusion applies even if the claims allege negligence or wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.*

24.    The Businessowners Coverage From contains the following relevant

definitions.

**SECTION II-DEFINITIONS**

3.    *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.  "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".*

                    \*         \*         \*

17.    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

                    \*         \*         \*

23.    *"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.*
       *"Suit" includes:*

       a.    *An arbitration proceeding on which such damages are claimed and to which the insured must submit or does submit with our consent; or*

       b.    *Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.*

25.    The Businessowners Coverage Form contains certain conditions to

coverage:

**SECTION I AND SECTION II—COMMON POLICY CONDITIONS**

1.    **Changes**

7

a.  *This policy contains all the agreements between you and us concerning the insurance afforded.  The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent.  This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.*

\*          \*          \*

2.  **Concealment, Misrepresentation or Fraud**

*This policy is void in any case of fraud by you as it relates to this policy at any time.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:*

a.  *This policy;*

b.  *The Covered Property;*

c.  *Your interest in the Covered Property; or*

d.  *A claim under this policy.*

26.  The State Farm Office policy is modified by endorsement, **CMP—4201.2**

**AMENDATORY ENDORSEMENT (Alabama)**, in the following relevant manners:

**BUSINESSOWNERS COVERAGE FORM**

2.  *Paragraph 3. under SECTION II—DEFINITIONS is replaced by the following:*

3.  *"Bodily injury":*

a.  *Means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom;*

b.  *Does not include emotional distress, mental anguish, humiliation, mental distress, mental injury or any similar injury unless it arises out of actual physical injury to some person.*

**<u>COVERAGE ALLEGATIONS</u>**

27.  The State Farm Office Policy does not provide coverage to The Sewell

8

Group II, LLC, for the claims in the Underlying Action because all of the allegations against The Sewell Group II, LLC, in the Underlying Complaint by Leal are excluded by the clear and unambiguous Professional Services exclusion of said policy.

28.     The State Farm Office Policy does not provide coverage to The Sewell Group II, LLC, for the claims in the Underlying Action because The Sewell Group II, LLC, made material misrepresentations in the application process including listing the type of business as "Broker–not otherwise classified" and indicating in the description of business activities "Broker, Buys and resales Steel."

29.     The Sewell Group II, LLC, misrepresented its business and failed to advise State Farm that it provides professional services, including supervisory, inspection, architectural or engineering activities, or preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications.  The misrepresentations are material because they increased the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

30.     The Sewell Group II, LLC, misrepresented the nature of its business by failing to advise State Farm that it performs structural engineering services and/or performs construction and/or project management services.  The misrepresentations are material because they would increase the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

31.     The State Farm Office Policy is void since The Sewell Group II, LLC, made material misrepresentations in the application process for the policies.

9

32.     The plaintiff State Farm Fire and Casualty Company owes no duty to defend or indemnify The Sewell Group II, LLC, in response to the claims of Leal in the Underlying Action.

33.     State Farm Fire and Casualty Company has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations.

34.     There is an actual bona fide and substantial question/issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

35.     There is no other form of proceeding that can provide State Farm Fire and Casualty Company with immediate redress and, in any event, this action is an appropriate form of proceeding to resolve the issues between the parties.

## COUNT II

1-18.   The plaintiff State Farm Fire and Casualty Company hereby repeats and incorporates paragraphs 1 through 18 of Count One as paragraphs 1 through 18 of this, Count Two, as if fully set forth herein.

### UMBRELLA POLICY

19.     State Farm Fire and Casualty Company issued a Commercial Liability Umbrella Policy, Policy No. 93-CV-v501-4, to The Sewell Group II, LLC, with effective dates of April 29, 2021, through April 29, 2022.

20.     The State Farm Commercial Liability Umbrella Policy contains the following insurance agreement in Coverage Form CU-2100:

10

***BUSINESS LIABILITY***

***COVERAGE L—Business Liability***

1. *We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured, by counsel of our choice, against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.  When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" or offense that may involve this insurance and settle any claim or "suit" with or without that insured's consent, for any reason and at any time.*

2. *This insurance applies:*

   a. *To "bodily injury" and "property damage" only if:*

      *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "covered territory";*
      *(2) The "bodily injury" or "property damage" occurs during the policy period;*

21.   The State Farm Commercial Liability Umbrella Policy contains the

following Exclusions in Coverage Form CU-2100:

***BUSINESS LIABILITY EXCLUSIONS***

*This insurance does not apply to:*

                    \*          \*          \*

**18.   *Professional Services or Treatments***

   *"Bodily injury". "property damage" or "Personal and advertising injury" arising out of the rendering or failure to render any professional services*

*or treatment. This includes but is not limited to:*

*       *       *

b.      *Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, filed orders, change orders or drawings and specifications;*

c.      *Supervisory, inspection, architectural or engineering activities;*

*       *       *

*This exclusion applies even if the claims allege negligence or wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional services.*

22.     The State Farm Commercial Liability Umbrella Policy contains the following relevant Liability Conditions:

**3.      *Concealment, Misrepresentation of Fraud***

*This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:*

a.      *This policy . . .*

*       *       *

**14.   *Changes***

a.      *This policy contains all agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement by us and made part of this policy.*

23.     The State Farm Commercial Liability Umbrella Policy contains the following relevant definitions:

***LIABILITY DEFINITIONS***

      \*     \*     \*

17.    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

      \*     \*     \*

26.    *"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.*
        *"Suit" includes:*

    a.    *An arbitration proceeding on which such damages are claimed and to which the insured must submit or does submit with our consent; or*

    b.    *Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent or the "underlying insurer's" consent.*

## **COVERAGE ALLEGATIONS**

24.    The State Farm Commercial Liability Umbrella Policy does not provide coverage to The Sewell Group II, LLC, for the claims in the Underlying Action because all of the allegations against The Sewell Group II, LLC, in the Underlying Complaint by Leal are excluded by the clear and unambiguous Professional Services exclusion of said policy.

25.    The State Farm Commercial Liability Umbrella Policy does not provide coverage to The Sewell Group II, LLC, for the claims in the Underlying Action because The Sewell Group II, LLC, made material misrepresentations in the application process including listing the type of business as "Broker–not otherwise classified" and indicating in the description of business activities "Broker, Buys and resales Steel."

26.    The Sewell Group II, LLC, misrepresented its business and failed to

advise State Farm that it provides professional services, including supervisory, inspection, architectural or engineering activities, or preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications.  The misrepresentations are material because they increased the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

27.    The Sewell Group II, LLC, misrepresented the nature of its business by failing to advise State Farm that it performs structural engineering services and/or performs construction and/or project management services.  The misrepresentations are material because they would increase the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

28.    The State Farm Commercial Liability Umbrella Policy is void since The Sewell Group II, LLC, made material misrepresentations in the application process for the policies.

29.    The plaintiff State Farm Fire and Casualty Company owes no duty to defend or indemnify The Sewell Group II, LLC, in response to the claims of Leal in the Underlying Action.

30.    State Farm Fire and Casualty Company has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations.

31.    There is an actual bona fide and substantial question/issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

14

32.     There is no other form of proceeding that can provide State Farm Fire and Casualty Company with immediate redress and, in any event, this action is an appropriate form of proceeding to resolve the issues between the parties.

**COUNT THREE**

1-8.    The plaintiff State Farm Fire & Casualty Company hereby repeats and incorporates paragraphs 1 through 8 of Count One as paragraphs 1 through 8 of this, Count Three, as if fully set forth herein.

9.     By way of cross-claims filed on September 26, 2023 in the Underlying Action, the Defendant, Brent A. Wood Architecture, LLC [hereinafter "BAWA"], asserts a claim for common law indemnification against The Sewell Group II, LLC.  See Defendant Brent A. Wood Architecture, LLC's Cross-Claims, Count One (attached as Exhibit B) [hereinafter Underlying Cross-Claims].

10     In the Underlying Cross-Claims, BAWA alleges that The Sewell Group II, LLC, was engaged in the business of construction and project management, that The Sewell Group II, LLC, was retained to perform construction and project management at the subject premises, that The Sewell Group II, LLC, had possession and control over the structure to the exclusion of Brent A. Wood Architecture, and that if Leal sustained damages and injuries as alleged in his Complaint it was due to negligence and carelessness of The Sewell Group II, LLC.  Exhibit B, Count One, at ¶¶ 15, 16, 20-21.

11.     In the Underlying Cross-Claims, BAWA alleges that The Sewell Group II, LLC was negligent in that it:

a.     failed to retain skilled subcontractors to perform work at the structure;

15

b.      failed to inspect the structure;

c.      failed to supervise its employees and/or subcontractors;

d.      failed to warn Leal that the structure was unsafe; and

e.      failed to properly implement architectural designs.

Exhibit B, Count One, at ¶ 21.

12-19. The plaintiff State Farm Fire & Casualty Company hereby repeats and incorporates paragraphs 19 through 26 of Count One as paragraphs 12 through 19 of this, Count Three, as if fully set forth herein.

### **COVERAGE ALLEGATIONS**

20.     The State Farm Office Policy does not provide coverage to The Sewell Group II, LLC, with respect to the Underlying Cross-Claims because all of the allegations against The Sewell Group II, LLC, in the Underlying Cross-Claims by BAWA are excluded by the clear and unambiguous Professional Services exclusion of said policy.

21.     The State Farm Office Policy does not provide coverage to The Sewell Group II, LLC, with respect to the Underlying Cross-Claims because The Sewell Group II, LLC, made material misrepresentations in the application process including listing the type of business as "Broker–not otherwise classified" and indicating in the description of business activities "Broker, Buys and resales Steel."

22.     The Sewell Group II, LLC, misrepresented its business and failed to advise State Farm that it provides professional services, including supervisory, inspection, architectural or engineering activities, or preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders,

16

change orders or drawings and specifications.  The misrepresentations are material because they increased the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

23.    The Sewell Group II, LLC, misrepresented the nature of its business by failing to advise State Farm that it performs structural engineering services and/or performs construction and/or project management services.  The misrepresentations are material because they would increase the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

24.    The State Farm Office Policy is void since The Sewell Group II, LLC, made material misrepresentations in the application process for the policies.

25.    The plaintiff State Farm Fire and Casualty Company owes no duty to defend or indemnify The Sewell Group II, LLC, with respect to the Underlying Cross-Claims of BAWA.

26.    State Farm Fire and Casualty Company has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations.

27.    There is an actual bona fide and substantial question/issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

28.    There is no other form of proceeding that can provide State Farm Fire and Casualty Company with immediate redress and, in any event, this action is an appropriate form of proceeding to resolve the issues between the parties.

17

**COUNT FOUR**

1-11. The plaintiff State Farm Fire & Casualty Company hereby repeats and incorporates paragraphs 1 through 11 of Count Three as paragraphs 1 through 11 of this, Count Four, as if fully set forth herein.

12-16. The plaintiff State Farm Fire & Casualty Company hereby repeats and incorporates paragraphs 19 through 23 of Count Two as paragraphs 12 through 16 of this, Count Four, as if fully set forth herein.

**COVERAGE ALLEGATIONS**

17.    The State Farm Commercial Liability Umbrella Policy does not provide coverage to The Sewell Group II, LLC, with respect to the Underlying Cross-Claims because all of the allegations against The Sewell Group II, LLC, in thewith respect to the Underlying Cross-Claims by BAWA are excluded by the clear and unambiguous Professional Services exclusion of said policy.

18.    The State Farm Commercial Liability Umbrella Policy does not provide coverage to The Sewell Group II, LLC, with respect to the Underlying Cross-Claims because The Sewell Group II, LLC, made material misrepresentations in the application process including listing the type of business as "Broker—not otherwise classified" and indicating in the description of business activities "Broker, Buys and resales Steel."

19.    The Sewell Group II, LLC, misrepresented its business and failed to advise State Farm that it provides professional services, including supervisory, inspection, architectural or engineering activities, or preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders,

change orders or drawings and specifications.  The misrepresentations are material because they increased the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

20.     The Sewell Group II, LLC, misrepresented the nature of its business by failing to advise State Farm that it performs structural engineering services and/or performs construction and/or project management services.  The misrepresentations are material because they would increase the degree or character of the risk of the insurance as to substantially influence its issuance, or substantially affect the rate of premium.

21.     The State Farm Commercial Liability Umbrella Policy is void since The Sewell Group II, LLC, made material misrepresentations in the application process for the policies.

22.     The plaintiff State Farm Fire and Casualty Company owes no duty to defend or indemnify The Sewell Group II, LLC, in response to thewith respect to the Underlying Cross-Claims .

23.     State Farm Fire and Casualty Company has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations.

24.     There is an actual bona fide and substantial question/issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

25.     There is no other form of proceeding that can provide State Farm Fire and Casualty Company with immediate redress and, in any event, this action is an appropriate form of proceeding to resolve the issues between the parties.

19

WHEREFORE, the plaintiff State Farm Fire and Casualty Company prays for and demands a declaratory judgment determining the rights and liabilities of the parties as follows:

1.    That State Farm Fire and Casualty Company is not obligated to continue to defend the defendant, The Sewell Group II, LLC, with respect to the Underlying Action because the claims set forth in such lawsuit are excluded by the policy exclusions for Professional Services.

2.    That State Farm Fire and Casualty Company is not obligated to continue to defend the defendant, The Sewell Group II, LLC, with respect to the Underlying Action because of material and prejudicial misrepresentations in the application process have voided the policies.

3.    That State Farm Fire and Casualty Company is not obligated to indemnify the defendant, The Sewell Group II, LLC, or anyone who may gain a judgment against them with respect to the Underlying Action because the claims set forth in said lawsuit are excluded by the policy exclusions for Professional Services.

4.    That State Farm Fire and Casualty Company is not obligated to indemnify the defendant, The Sewell Group II, LLC, with respect to the Underlying Action because of material and prejudicial misrepresentations in the application process have voided the policies.

5.    Such other relief as in law or equity may appertain.

THE PLAINTIFF
STATE FARM FIRE AND CASUALTY
COMPANY

By:   /S/ Keith R. Rudzik
Keith R. Rudzik
Fed Bar No. ct 24007
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
(860) 525-3101
(860) 247-4201
krr@hksflaw.com